UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ANTWYNNE  BALLEW,                          §
                                           §
          Petitioner,                      §
VS.                                        §          CIVIL ACTION NO. 2:15-CV-4
                                           §
WILLIAM  STEPHENS,                         §
                                           §
          Respondent.                      §

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional

Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit

in Beeville, Texas.  Proceeding *pro se* and *in forma pauperis*, Petitioner filed an original

habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 29, 2014.[1]  Petitioner

claims that his right to due process was violated in a disciplinary hearing held at the

McConnell Unit which resulted in the imposition of punishment.  Respondent filed a

motion for summary judgment (D.E. 11) on June 15, 2015 to which Petitioner did not

respond.   As discussed more fully below, it is respectfully recommended that

Respondent's motion for summary judgment be granted and Petitioner's habeas corpus

petition be denied.   It is further recommended that a Certificate of Appealability be

denied.

---

[1]Petitioner stated under penalty of perjury that he placed his petition in the prison mail
system on December 29, 2014 and it is considered filed as of that date.  *See Spotville v.
Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner in incarcerated in the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving two concurrent fifteen year sentences for possession of a controlled substance and manufacture/delivery of a controlled substance. (Commitment Inquiry, Att. to Mot. to Dism., D.E. 11-2 at 2).  He does not complain about his holding convictions, but challenges the results of a disciplinary hearing.  In disciplinary case number 20150011685, Petitioner was accused and found guilty of masturbating in public and failing to obey an order when told to stop and provide his information (DHR at 1; D.E. 12-2 at 3).[2]

In the offense report, the charging officer wrote that while she was performing her normal job duties Petitioner was masturbating in the shower.  The officer repeatedly gestured for Petitioner to stop but he continued to masturbate with the door open for the officer to see.  The officer tried to get Petitioner's information but Petitioner would not give the officer any information and refused to hand over his identification.  Petitioner called the officer a "faggot."  (DHR at 2; D.E. 12-2 at 4).  During the investigation of the offense Petitioner stated that he was "not guilty" and requested witnesses who would testify that they heard the officer curse Petitioner.  The witness request was denied

---

[2] "DHR" refers to the disciplinary hearing record in this case, located at D.E. 12-2. "DGR" refers to the disciplinary grievance record, located at D.E. 12-1.

because the witnesses were not relevant to the issue (DHR at 9; D.E. 12-2 at 10).  The charging officer testified by phone that she was in the picket and Petitioner was masturbating in the shower.  She motioned for him to stop but he did not and he also refused to identify himself (DHR at 7; D.E. 12-2 at 9).  Another officer submitted a statement indicating that he had watched a time-lapse video which showed the charging officer walked up to the shower, "stands there for a second unable to see behind the door. As the officer walks away, [defendant] then comes to the door."  (DHR at 5; D.E. 12-2 at 7).

Petitioner was found guilty based on the charging officer's statement and testimony and the time-lapse video.  His punishment was assessed at forty-five days recreation, commissary and telephone restriction, a reduction in line class from S3 to L1 and the loss of thirty days of good time (DHR at 1; D.E. 12-2 at 3).  Petitioner timely appealed the findings of the hearing officer through the prison grievance system but was denied relief (DGR at 1-5; D.E. 12-1 at 3-7).

In this application for habeas relief, Petitioner argues that (1) there was insufficient evidence to support a finding of guilt; (2) the time-lapse video showed that the door was closed and Petitioner did not commit sexual misconduct; (3) the charging officer was retaliating against Petitioner for filing a grievance against him and (4) Petitioner timely requested that the time-lapse video be preserved and it was not.   In  his motion to dismiss, Respondent contends that because Petitioner is not eligible for release to mandatory supervision, he cannot make out a claim that his constitutional rights were violated.

## APPLICABLE LAW

**A. Due Process Rights**

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the U.S. Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)]. Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. (internal citations omitted). The Supreme Court held in *Sandin* that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. *Id*. Thus, to the extent Petitioner is claiming that his constitutional rights were violated by the revocation of privileges, he fails to state a claim because the revocation did not

represent an atypical, significant deprivation in which the State of Texas might have created a liberty interest.

### 1. Reduction in Line Class

Petitioner also was punished with a reduction in line class. Generally, a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and in turn, on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995)(*citing Meachum v. Fano*, 427 U.S. 215, 229, n. 8 (1976)). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating). Thus, Petitioner cannot make out a cause of action based on the reduction in line class.

### 2. Loss of Good Time

In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th

Cir. 1997) (citing Tex. Code Crim. P. Ann. art. 42.18 § 2(2)).[3]   Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date.   Tex. Gov't Code Ann. §508.147 (Vernon 2012).   The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time credit.   *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007).

Some inmates are not eligible for release to mandatory supervision because of the nature of their offense.   Petitioner is not eligible for release to mandatory supervision because his controlled substance offense occurred in a drug free zone, in violation of Tex. Health & Safety Code Ann. § 481.134 (West 2003) (Mot. for Sum. Jmt., Ex. A; D.E. 11-2 at 2).   *See* Tex. Gov't Code § 508.149(a)(14)(West 2007).   Because Petitioner is not eligible for release to mandatory supervision, he does not have a liberty interest in earning or keeping good time credits and he has failed to make out a claim that his due process rights have been violated.   Accordingly, he has failed to state a claim upon which habeas corpus relief can be granted and summary judgment should be entered for Respondent.

**B.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).   Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.   *See Alexander v. Johnson*,

---

[3] Now Tex. Gov't Code Ann. § 508.001(5).

211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his cause of action be dismissed on the merits.  If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it debatable that Petitioner did not suffer the loss of a liberty interest following his disciplinary hearing.

## RECOMMENDATION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (D.E. 11) be GRANTED.  Petitioner's cause of action for habeas corpus relief should be DENIED.  It is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 16th day of September, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).